JADWIGA (ALSO KNOWN AS HATTIE) OLSZEWSKI v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

August 19, 1938.

No. 31,326.

[1]Reported in 281 N. W. 267.

334

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.
*Newman & Bowman,* for respondent.

PER CURIAM.

This case comes here on an appeal from an order of the district court denying defendant's motion for amended findings or a new trial. We review only the order denying a new trial, motion for which was on the ground that the court's decision in favor of the plaintiff was not justified by the evidence and was contrary to law.

Plaintiff commenced this action to secure reformation of a fire insurance policy and to recover $300 on the policy as reformed. The policy in question was secured from defendant for a premium of $5.15 and covered a house, double garage, and barn located in St. Paul. This property, worth about $3,000, was owned by one Joseph Stawikoski, and was mortgaged to the plaintiff and her husband to secure an indebtedness of $800. The mortgage had been foreclosed and the property sold to the plaintiff, but the period of redemption had been twice extended under the moratorium laws. The loss in question occurred to the garage and barn prior to the expiration of this period. These buildings were insured for $300 by plaintiff's policy.

The policy which is the subject of this action is a renewal policy secured on the expiration of a similar policy. The first policy was purchased for plaintiff by her daughter, a Mrs. Bill, and the renewal by her son, Stephen Miler. Both policies were obtained through W. A. Lang, Inc., an insurance agency located in St. Paul. In negotiating for the insurance Mrs. Bill dealt with one Colling-

ham, an employe of the agency, and Miler dealt with one Novotny, another employe of the agency. The policies, as issued, insured plaintiff's interest as that of an owner. The action for reformation was based on her claim that defendant's agents were informed at the time the insurance was negotiated that the interest to be insured was that of a mortgagee. The defense claim was that both Mrs. Bill and Miler were questioned about the insured's interest at the time the original and renewal policies were applied for, but failed to disclose that such interest was only that of a mortgagee, and that this concealment voided the insurance. The main dispute arises over the trial court's findings as to what occurred at the time applications were made for the policies.

Mrs. Bill and Miler both testified that they were questioned by Collingham and Novotny, respectively, concerning insured's interest in the property and that they truthfully disclosed the nature of that interest to be only that of a mortgagee. Collingham testified that following the usual custom of the Lang agency he questioned Mrs. Bill from a written application form, wrote the answers to the questions on the form, and then later typed those answers on another identical blank. This latter blank was attached to the policy when it was issued. Novotny's testimony was substantially to the same effect with reference to the procedure followed by him in taking Miler's application for the renewal policy. Both of these witnesses testified that they questioned the applicants for the policies about the ownership of the property but that they failed to disclose the existence of the mortgage on the premises and the fact that plaintiff's interest was that of a mortgagee. Both admitted in substance, however, that they had no independent recollection of the transaction and that they were testifying from the inferences which they drew from the entries made at the time. Significantly, the application blanks contain no entry in answer to the question as to the nature of plaintiff's insurable interest.

Trial was before the court without a jury. The trial court refused to grant reformation of the policy, finding that the testimony of Mrs. Bill and Miler to the effect that they fully revealed the

nature of the plaintiff's interest in the damaged premises to the defendant's agents was not to be believed, and that consequently there was no mutual mistake. The court also found that Mrs. Bill and Miler were not questioned concerning the nature of plaintiff's interest in the property. The resulting conclusion was that, not having been questioned on the matter, the plaintiff was not bound to disclose the nature of her insurable interest; that there was no wrongful concealment or misrepresentation of that fact; that any mistake made in the issuance of the policy was chargeable to the defendant alone and was not available as a defense after loss occurred; that the policy insured plaintiff's insurable interest in the premises; and that under the pleadings and evidence plaintiff was entitled to recover thereon. Judgment was accordingly ordered for the plaintiff.

■ The defendant contends that the finding that Mrs. Bill and Miler were not questioned about plaintiff's interest in the insured premises is not sustained by the evidence. Plaintiff's son and daughter testified that they were questioned and truthfully answered with reference to plaintiff's interest in the property. The court disbelieved them because it reasoned that having no motive to falsify they would have answered truthfully had the questions been asked, and defendant's employes would have correctly recorded the answers. The application blanks used for memoranda and filled out by defendant's clerks but not signed by plaintiff or her agents contained no answer whatever. (The original pencil memoranda were immediately destroyed after being accurately copied.) Had the young people answered falsely as defendant contends, the court reasoned that their false answers would have been recorded, since defendant's employes were competent and it was their duty so to record the answers. Hence the court found that, no answers being recorded, no questions were asked and no concealment committed. We think this was a legitimate inference and that the finding may stand notwithstanding all the witnesses on both sides testified that the questions were asked. The court was justified in disbelieving them all and drawing its own inferences from the divergent asser-

tions plus the inferences to be drawn from the absence of recorded answers in the application blanks. We think it was justified in rejecting defendant's testimony that absence of recorded answers indicates that inquiry was made and that no disclosure of the truth followed. It follows that the court's findings bring the case within the rules of law stated by the defendant that the mortgagor and the mortgagee may each insure their respective interests in the same property without disclosing the nature of the particular interest of each unless specifically inquired about.

■ Defendant also challenges the trial court's finding on the amount of the loss. Our attention has not been directed to any evidence on this point other than that of the witness Jensen, the adjuster who adjusted the loss under a policy held by the fee owner. Careful scrutiny of his testimony discloses that that adjustment was the result of a compromise, and he does not undertake to say that the loss, which he testified was not total, amounted to the figures agreed upon. We find no estimate or opinion as to the amount of the actual loss, and consequently the order denying a new trial must be reversed and the case remanded for new trial on the question of the amount of loss only.

Reversed.

